UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES CONNER, JR.,           )
                               )
         Plaintiff,            )
                               )    No. 09 C 5900
     v.                        )
                               )    Judge John W. Darrah
AURORA LOAN SERVICES, LLC, et al., )
                               )
         Defendants.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Conner, Jr., brought this action in federal court against Defendants, Aurora Loan Services, LLC; First Magnus Financial Corporation; Lakeview Financial Group, Inc.; Joe Bartell; and Buy American Property, alleging (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 810 ILCS § 505/1; (2) common-law fraud; (3) equity stripping; (4) breach of contract; (5) breach of fiduciary duty and (6) violations of the Fair Debt Collection Practices Act ("FDCPA"). Federal jurisdiction is based on the FDCPA claim. Before the Court is Aurora's Motion to Dismiss the claims against it for violation of the ICFA, common-law fraud, equity stripping and violations of the FDCPA.

## BACKGROUND

The facts taken from the Amended Complaint are assumed true for purposes of this Motion. This case involves a controversy between the Plaintiff and the Defendants regarding the Plaintiff's purchase of residential condominium real estate located at 7975 Preserve Circle, Unit 1024, Naples, Florida ("the Property") on June 7, 2007. Plaintiff completed a loan application for the Defendants and purchased the property as an investment with the intent to have it sold at the end of the year. The terms of the mortgage loan provided for a purchase-money loan in the principal amount of $205,000. The loan was an interest-only loan, which matures in 2037, with an interest rate of 8.425%, and the loan transaction extended consumer credit subject to a finance charge. The Defendants failed to provide

written disclosures to Plaintiff regarding the nature and terms of the loan. Defendant Aurora filed a foreclosure action against Plaintiff and the Property in the Circuit Court of the 20th Judicial Circuit in Collier County, Florida.

Plaintiff's Amended Complaint alleges numerous violations by the Defendants in the creation of the subject mortgage loan related to his purchase of the Property. Plaintiff claims the Defendants failed to provide him with disclosure of the nature of the Property as a "second residence" and the itemization of the amount financed, monthly and net income disclosures, the total sales price disclosures and prepayment disclosures prior to the closing of the loan on the settlement date. Defendant Aurora filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's Amended Complaint failed to state claims that would entitle him to relief from Aurora.

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff's claim must be plausible and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The court does not need to accept as true "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

## ANALYSIS

Defendant Aurora argues that this case should be dismissed because Plaintiff has failed to state claims for violation of the IFCA, common-law fraud, equity stripping and violations of the FDCPA that would entitle him to relief from Aurora.

*Fair Debt Collection Practices Act*

In his Amended Complaint, Plaintiff states that Aurora was the loan servicer and violated the FDCPA regarding the foreclosure action filed against Plaintiff and was attempting to collect on an alleged debt that was not owed to it. He further states that Aurora may be more than a simple loan server and may have been involved in the subject loan since its inception. Aurora asserts that the FDCPA does not apply to it as a loan servicer. A loan servicer should only be liable if it obtained or started servicing the loan after the date upon which the borrower defaulted on the loan. *See Bailey v. Security Nat. Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998). Plaintiff fails to allege that Aurora obtained or started servicing the loan after the date upon which he defaulted on it and pleads to the contrary. Aurora, therefore, is not subject to the Act as a debt collector. Even if Plaintiff has properly pled Aurora is a debt collector as defined by the FDCPA, Plaintiff has failed to allege that Aurora violated the Act. He merely asserts that Aurora was trying to collect a debt that Plaintiff did not owe to it, which is not a violation of the FDCPA. Thus, the Court grants Aurora's dismissal of Plaintiff's claim under the FDCPA.

*Supplemental Jurisdiction*

In any civil action, the district court shall have supplemental jurisdiction over all other claims that are so related to claims within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Plaintiff asserts that the Court can extend supplemental jurisdiction over his state-law claims under the ICFA, common-law fraud, and equity stripping because it has original jurisdiction over his federal claim under the FDCPA. However, the district court may decline to exercise supplemental jurisdiction over any other

3

claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court has dismissed Plaintiff's claim under the FDCPA and, therefore, declines to exercise supplemental jurisdiction over his state-law claims.

## CONCLUSION

Defendant Aurora's Motion to Dismiss is granted. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Dated: June 28, 2010

6-28-2010

JOHN W. DARRAH
United States District Court Judge

4